May 10, 2007
U.S. District Court
Pastore Building, Room 208
2 Exchange Terrace
Providence, RI 02903

In re: Virgin Records v. Eberhard, Case No. CA07-087S
Unites States District Court for the District of Rhode Island.

The following is offered in answer to Summons from United States District Court where party must answer said summons.

**BACKGROUND**

Defendant, Kelley Eberhard (myself) was informed she had violated Plaintiffs, Virgin Records ("Plaintiff") copyrights through repeated uploading, downloading and distribution of music without permission using a P2P network.

In January, 2005 Defendants Mother was informed by her internet provider (Cox Cable) that her IP address had been identified and Plaintiff's were given her name by said internet-provider. Subsequently, papers were filed and suit was transferred from Rhonda Blaney to her daughter Kelley Eberhard (Defendant).

Defendant's Mother was unaware of the P2P activity involving her IP address and has never downloaded any music or related material. Defendant then approached her children and discovered her daughter had purchased a Kaaza program. After a discussion with her daughter, all material related to any downloading were removed from computer immediately. Defendant's Mother also sent notarized affidavits to The Clean Slate Program informing them of the complete removal of said programs and any available

downloaded recordings but said affidavits were returned to Defendant's Mother stating the Clean Slate Program was no longer in existence. Defendant was unaware that what she was doing was illegal, figuring she had purchased the rights by purchasing the Kaaza program.

## ISSUES

1. Defendant has previously been in contact with Plaintiff's regarding settlement, but there was no way possible the Defendant could satisfy the settlement demands of the Plaintiffs without serious financial hardship ensuing, and Plaintiff's were not willing to settle for lower payments and extended time needed to pay off said settlement agreement.

2. Defendant is still willing to work out a settlement if the settlement terms are within her financial means.

3. Defendant has not violated copyright infringement since informed of the said prior infringements.

Kelley Eberhard
5/10/07

Cc: James E. O'Neil