**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company, | Civil No. 1:07-cv-00087-S-LDA |
| Plaintiffs, | Judge William E. Smith |
| v. | |
| Kelley Eberhard, | |
| Defendant. | |

**ELEMENTS OF PLAINTIFFS' CLAIMS**

Plaintiffs Virgin Records America, Inc. *et al.* ("Plaintiffs"), pursuant to this Court's Notice of May 23, 2007, respectfully submit the following statement enumerating the elements of Plaintiffs' claim for copyright infringement:

The Copyright Act grants the copyright owner of a sound recording the exclusive rights to, among other things, "reproduce the copyrighted work in copies or phonorecords" and "distribute copies or phonorecords of the copyrighted work to the public." 17 U.S.C. § 106(1) and (3). In order to prevail in their claim for copyright infringement against Ms. Eberhard, Plaintiffs must prove (1) that they own the copyrights in the sound recordings at issue (see Exhibits A and B to the Complaint) and (2) that Ms. Eberhard copied or distributed those copyrighted sound recordings. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (U.S.



#1256312 v1

1991); 4 M. & D. Nimmer, NIMMER ON COPYRIGHT § 13.01, at 13-5 & n.4 (2002) ("Nimmer") ("Reduced to most fundamental terms, there are only two elements necessary to the Plaintiffs' case in an infringement action: ownership of the copyright by the plaintiff and copying [or public distribution or public display] by the defendant."). Plaintiffs need not, however, demonstrate Ms. Eberhard's intent to infringe, or even knowledge of infringement, in order to prove copyright infringement. Chavez v. Arte Publico Press, 204 F.3d 601, 607 (5th Cir. 2000) ("Copyright infringement actions, like those for patent infringement, ordinarily require no showing of intent to infringe.").

Respectfully submitted,

Dated: June 20, 2007

By: /s/ James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for SONY BMG MUSIC ENTERTAINMENT; ARISTA RECORDS LLC; BMG MUSIC; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of June, 2007, a copy of the foregoing **ELEMENTS OF PLAINTIFFS' CLAIMS** was served upon the Defendant via United States Mail as follows:

Kelley Eberhard
178 Ashway Rd
Bradford, Ri 02808
DEFENDANT

/s/James E. O'Neil, Esq.
James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852